**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SYED YASIR A. NAQVI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NIRALY PATEL, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 25-02500 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

　　This matter comes before the Court on the Complaint and Application to Proceed *In Forma Pauperis* (IFP) filed by Plaintiff Syed Yasir A. Naqvi against Defendants Niraly Patel, Atulkumar Patel, and Nilesh Patel.  (ECF No. 6-1.)  For the reasons set forth below, and other good cause shown, Plaintiff's Complaint is **DISMISSED**.

**I.　　BACKGROUND**

　　Plaintiff's original Complaint was filed on April 7, 2025 (ECF No. 1) and was later amended on April 8, 2025.  (ECF No. 3.)  Plaintiff subsequently filed an amended IFP application in which he attached a Second Amended Complaint (SAC).  (ECF No. 6-1.)  Given Plaintiff's *pro se* status, the Court will treat the SAC as the operative pleading in this case despite Plaintiff failing to seek leave to amend.

　　As alleged in the SAC, Plaintiff's civil rights were violated by state actors who conspired with Defendants, all of whom appear to be private actors, which ended in the malicious prosecution of Plaintiff.  (*Id.*)  While the allegations set forth in the SAC are unclear, the SAC appears to focus

1

on four categories of violations: (1) "coerced narcotics operation"; (2) "technological sabotage"; (3) "gangstalking and psychological harm"; and (4) "OPRA evidence." (*Id.* at 3-5.[1])

Regarding the coerced narcotics operation, the SAC asserts that Federal Bureau of Investigation (FBI) agents coerced Plaintiff into participating in a controlled drug purchase under the threat of prosecution. (*Id.* at 3.) According to the SAC, Defendants collaborated with law enforcement to suppress charges against Niraly Patel for cocaine possession arising from the narcotics operation. (*Id.*) Allegedly, "Plaintiff was fined $500 for a fabricated municipal violation, while Niraly Patel faced no charges." (*Id.*)

As to "technological sabotage," the SAC also alleges that Defendants, "through affiliated actors[,] hacked Plaintiff's email . . . and Google Drive, disabling access to his 2024 Chevrolet Blazer EV . . . for eight days." (*Id.* at 3-4.) According to the SAC, "OnStar logs confirm remote lockout of charging capabilities," and "state actors were complicit in the scheme [and] refused to investigate, violating Plaintiff's due process rights." (*Id.* at 4.)

Regarding "gangstalking and psychological harm," the SAC asserts that "Defendants orchestrated a campaign of surveillance ('gangstalking'), defamation, and harassment to intimidate Plaintiff, including disseminating false data to employers and financial institutions." (*Id.*)

Finally, as to "OPRA evidence," the SAC appears to assert that Plaintiff obtained video surveillance regarding Niraly Patel's "DUI arrest and suppressed cocaine charges" and that "police reports confirm[] disparate treatment." (*Id.* at 4-5.)

Plaintiff seeks damages for the following claims: (1) Racketeering Influence and Corrupt Organization Act (RICO) violations, pursuant to 18 U.S.C. § 1962; (2) malicious prosecution

---

[1]  Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

under 42 U.S.C. § 1983; (3) intentional infliction of emotional distress; and (4) conspiracy to violate civil rights under 42 U.S.C. § 1985.[2]  (ECF No. 6-1 at 5-9.)

## II. LEGAL STANDARD

### A. *In Forma Pauperis*

To avoid paying the filing fee for a civil case in this district, a litigant may apply to proceed IFP.  In considering applications to proceed IFP, the Court engages in a two-step analysis.  *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a).  *Id*.  Under Section 1915(a), a plaintiff's application must "state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty."  *Simon v. Mercer Cnty. Comm. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).

Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *Ball v. Famiglio,* 726 F.3d 448, 452 (3d Cir. 2013); *Green v. Izod Corp. Office & Head-Quarters*, Civ. No. 22-06380, 2024 WL 1809859, at *2 (D.N.J. Apr. 25, 2024) (citing *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)) ("To guard against potential 'abuse' of 'cost-free access to the federal courts,' 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.").  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant

---

[2]   The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

to Federal Rule of Civil Procedure [('Rule')] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

"[A] court may dismiss an in forma pauperis claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." *Deutsch*, 67 F.3d at 1082.

B.     **Rule 12(b)(6) – Failure to State a Claim**

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "[T]here are limits to our procedural flexibility. . . . At the end of the day, [*pro se* litigants] cannot flout procedural rules – they must abide by the same rules that apply to all other litigants.") *Id.*  To survive a screening, a complaint must allege "'sufficient factual matter', showing that the claims alleged are facially plausible." *See D'Allessandro v. United States*, Civ No. 21-5009, 2024 WL 1928374, at *1 (D.N.J. Apr. 30, 2024) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

C.    **Pleading Requirements—Rule 8**

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that

4

the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), (a)(2), (d). The allegations in the complaint must not be "so undeveloped that [they] do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Even *pro se* litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisma v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018).

## III. DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

The Court exercises its discretion to review the merits of Naqvi's complaint before it decides the IFP application. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *see also Schwager v. Norristown State Hosp.*, Civ. No. 23-3866, 2023 WL 8458236, at *2 (E.D. Pa. Dec. 5, 2023) (screening the complaint before addressing the IFP application).

### B. Review under 28 U.S.C. § 1915(e)

The Court begins with step two, wherein the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. As a threshold matter, the Court notes that the SAC fails to comply with Rule 8 as the allegations are often conclusory and lack specificity. *See Obuskovic v. Wood*, Civ. No. 15-7520, 2018 WL 2234898, at *2 (D.N.J. May 16, 2018), *aff'd*, 761 F. App'x 144 (3d Cir. 2019) (finding that *pro se* plaintiff's second amended complaint failed to comply with Rule 8 because it contained conclusory statements that lacked specificity). The SAC is nearly impossible to comprehend and fails to present any cogent allegations. *See Shine v. Cnty.*

5

*of Montgomery*, Civ. No. 23-1952, 2023 WL 7190480, at *4 (E.D. Pa. Nov. 1, 2023) (noting that "a pro se complaint must conform with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation' or 'naked assertions' that are devoid of 'factual enhancement'"). The Court further notes that the allegations in the SAC only list Niraly Patel and fail to address the other two defendants.

### a. Racketeering Influence and Corrupt Organization Acts

Under RICO, a plaintiff must "allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *D'Allessandro*, 2024 WL 1928374, at *6 (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010)). "An 'enterprise' includes 'any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'" *Id.* (citing 18 U.S.C. § 1961(4)). Moreover, "[a] pattern of racketeering activity requires at least two acts of racketeering activity as set forth in § 1961(a), within a ten-year period." *Id.* (citation modified).

Here, Plaintiff's RICO claim stems from "coercing Plaintiff's cooperation," the "hacking [of his] personal digital accounts," and "suppressing Niraly Patel's charges." (ECF No. 6-1 at 5.) However, none of the allegations in the SAC permit the Court to infer that an enterprise was engaging in a pattern of racketeering activity. Based on the conclusory and unsupported factual allegations in the SAC, Plaintiff has failed to sufficiently allege a RICO violation. *See D'Allessandro*, 2024 WL 1928374, at *6 (dismissing *pro se* plaintiff's RICO claim for failing to "detail the enterprise, what conduct [the plaintiff] specifically believe[d] violated RICO, and/or what predicate acts [the plaintiff] believe[d] to have been racketeering activities").

### b. Malicious Prosecution

In order to bring a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff must show that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See Est. of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). Where, as here, a plaintiff brings a § 1983 claim against private actors, courts will dismiss such a claim unless the private actor qualifies as a state actor. *Amig v. Cnty. of Juniata*, 432 F. Supp. 3d 481, 486 (M.D. Pa. 2020). Indeed, private actors only qualify as state actors in limited circumstances: (1) "when the private entity performs a traditional, exclusive public function"; (2) "when the government compels the private entity to take a particular action"; or (3) "when the government acts jointly with the private entity." *Kim v. Ali*, Civ. No. 23-04059, 2024 WL 749086, at *4 n.4 (D.N.J. Feb. 23, 2024).

In support of his claim for malicious prosecution, Plaintiff asserts that the "[f]abricated municipal charges violated Plaintiff's 14th Amendment rights." (ECF No. 6-1 at 6.) According to the SAC, the municipal charges appear to be derived from "coerced narcotics operations." (*See id.* at 3.) But even construing the SAC in the light most favorable to Plaintiff and less stringently than a complaint prepared by an attorney, Plaintiff has failed to allege sufficient facts for a malicious prosecution claim. The SAC alleges no facts to permit the Court to infer that the alleged criminal prosecution of Plaintiff ended in his favor, that the proceeding was initiated without probable cause, or that Plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See Babayoff v. United States*, Civ. No. 23-3644,

2025 WL 870711, at *6 (D.N.J. Mar. 20, 2025) (dismissing *pro se* plaintiff's claim of malicious prosecution because the plaintiff only asserted conclusory allegations in the complaint and did not set forth facts supporting elements of malicious prosecution). Moreover, even if Plaintiff had stated a claim for malicious prosecution, his claim against Defendants would still be barred as he has failed to allege non-conclusory allegations that Defendants fall within the scope of "state actors." *See Kim*, 2024 WL 749086, at *4 n.4 (finding that *pro se* plaintiff failed to allege any facts that would satisfy the "private entity acting as a state actor" standard); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (a private action "is not converted into one under color of state law merely by some tenuous connection to state action"). Therefore, the Court dismisses Plaintiff's claim for malicious prosecution.

### c. Intentional Infliction of Emotional Distress

To state a common law claim of intentional infliction of emotional distress, a plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause must also be present, and the distress must also be severe. *See Leang v. Jersey City Bd. Of Educ.*, 969 A.2d 1097, 1115 (N.J. 2009). A fourth required element is also present, which requires "the distress must be so severe that no reasonable person could be expected to endure it. Severe emotional distress refers to any type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *See Aly v. Garcia*, 754 A.2d 1232, 1236 (N.J. Super. App. Div. 2000) (citing *Taylor v. Metzger*, 706 A.2d 685 (1998). "It is not enough to establish that a party is acutely upset by reason of the incident. In order to be actionable, the claimed emotional distress must be sufficiently substantial to result in physical illness or serious psychological sequelae." *Id.* at 1236-1237 (citing omitted). Here, Plaintiff asserts that "Defendants' actions were 'outrageous' and caused severe psychological harm." (ECF No.

8

6-1 at 6.) Based on these facts, Plaintiff has not sufficiently plead the elements of an intentional infliction of emotional distress claim. *See Johnson v. Peralta*, Civ. No. 12-3604, 2013 WL 775541, at *2 (D.N.J. Feb. 27, 2013) (dismissing *pro se* plaintiff's claim for intentional infliction of emotional distress because "[a]ll of [the] [p]laintiff's assertions [were] conclusory statements unsupported by factual allegations"). For these reasons Plaintiff's claim for intentional infliction of emotional distress is dismissed.

### d. Conspiracy to Violate Plaintiff's Civil Rights

Finally, Plaintiff asserts a claim for civil conspiracy under 42 U.S.C § 1985.[3] To state a claim under § 1985(3), a plaintiff must assert the following: (1) "a conspiracy"; (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws"; and (3) "an act in furtherance of the conspiracy"; (4) "whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)). A claimant must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a claim. *Id.* at 135.

Here, Plaintiff fails to provide any details regarding the alleged conspiracy between Defendants and state actors to support a civil conspiracy claim. *See Alford v. Plumeri*, Civ. No. 23-20440, 2024 WL 2933194, at *8 (D.N.J. June 11, 2024) (dismissing *pro se* plaintiff civil conspiracy claims because the "[p]laintiff ha[d] not alleged the elements of such a claim in a non-conclusory manner"); *Cresci v. Kazan*, Civ. No. 19-19928, 2023 WL 358559, at *4 (D.N.J. Jan.

---

[3]     While not specified in the SAC, the Court understands Plaintiff to be asserting a claim specifically under § 1985(3).

23, 2023) (dismissing *pro se* plaintiff civil conspiracy claim for failing to "plausibly allege any conspiracy"). Moreover, Plaintiff's § 1985 claim also fails because "he has not pleaded or otherwise demonstrated that Defendants acted with any race-based or class-based animus as required under *Farber*." *Cresci*, 2023 WL 358559, at *4. Therefore, the Court dismisses Plaintiff's civil conspiracy claim.

### IV.   CONCLUSION & ORDER

For the foregoing reasons, and other good cause shown,

**IT IS** on this 29th day of July 2025 **ORDERED** as follows:

1. Plaintiff's Complaint (ECF No. 6-1) is **DISMISSED**.

2. The Clerk's Office is directed to mail Plaintiff a copy of this Memorandum Order and **CLOSE** this case.

*[signature]*

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE